HAYES v. STATE.    (No. 9808.)

(Court of Criminal Appeals of Texas.    March 3, 1926.)

1. Criminal law ⬾935(1)—Admission of testimony of an escaped and unpardoned convict ground for new trial.

Where, on motion for new trial, it appears that conviction was based on testimony of an escaped and unpardoned convict incompetent under statute to testify, to permit conviction to stand would be manifestly unjust.

2. Criminal law ⬾939(1)—Discovery within month after trial that witness was unpardoned convict held reasonable diligence requiring new trial.

Where a witness, on whose testimony at the examining trial defendant was convicted of murder, left the state, and defendant, first learning of his whereabouts on the trial, and having within a month discovered that witness was an escaped and unpardoned convict, whose testimony was incompetent, had used reasonable diligence, and new trial was improperly denied.

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Arthur Hayes was convicted of murder, and he appeals. Reversed and remanded.

W. H. Fryer and Harper & Howard, all of El Paso, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. Appellant was convicted in the district court of El Paso county of murder, and given seven years in the penitentiary.

Ralph ·Hardin was an eyewitness to this homicide, .and on the examining trial of appellant gave damaging testimony against him. Same was reduced to writing. The homicide was' in 1923, and this trial in 1925. Soon after the homicide, Hardin disappeared and does not seem to have been located until two days before this trial. The case had been set in January, 1925, but was passed because· of the illness of witnesses, and then continued by the state partly because they had not been able to determine the whereabouts of Hardin. The trial began May 18, 1925. It was shown during the trial that on Saturday, May 16th, Richard Roddy, son of deceased, went to Douglas, Ariz., and got an affidavit from Hardin in which he stated that he had permanently removed from Texas, had taken up his residence in Arizona, and did not expect to return to Texas. The record does not disclose how Roddy found out that Hardin was in Douglas, Ariz., or that any one else connected with the case knew or had known where he was after he left Texas in 1923. The court admitted in evidence Hardin's statement made on the examining trial. No other eyewitness testified for the state.

After conviction, appellant's brother went to Douglas, Ariz., and saw Hardin, who gave him an affidavit stating that he had been committed to an insane asylum in Missouri from which he had escaped. Also, that on the day of this homicide he and deceased. had been drinking together and were under the influence of· liquor when the shooting occurred. Also, that he had read the statement made by him at the examining trial referred

to, and that he had no recollection of having said such things, or that the shooting occurred as therein stated. He further said in said affidavit that he did not know who fired the first shot, or who brought about the shooting. He further said that he told Roddy on May 16th, at the time he gave Roddy the affidavit referred to, that he would ruin the state's case if used as a witness on the trial. He further said that he had never heard from any of the brothers or relatives of appellant, and so far as he knew they did not know where he was living. This affidavit was dated May 31, 1925, and was appended to appellant's amended motion for new trial. This motion was controverted by the state, and many affidavits offered showing the sanity of Hardin, and that deceased and Hardin were not drinking at the time of the homicide. Appellant later filed a second amended motion for new trial, setting up that on June 14, 1925, he for the first time learned that Hardin's true name was Roy Loyless, and that he was an unpardoned convict in the state of Texas, having been sent to the penitentiary from Galveston county for felony theft, and having escaped before he had served out his time. On the hearing of the motion for new trial, the state admitted that Hardin's true name was Loyless, and that he was an escaped and unpardoned convict, but took issue with appellant on the ground of his diligence in discovering such facts. There is an extended statement of the facts heard by the court upon the presentation of this motion, and it appears that he concluded that appellant did not show diligence.

[1, 2] We are not in accord with the conclusion reached by the learned trial judge in this regard, and would further observe that in a case where it clearly appears the conviction rests almost, if not entirely, on the statement of one who was prohibited by statute from giving testimony, to permit such conviction to stand would be manifestly unjust. Love v. State, 272 S. W. 778, 100 Tex. Cr. R. 211; Barber v. State, 223 S. W. 457, 87 Tex. Cr. R. 585. There is nothing in this record to suggest that appellant or his counsel at any time knew or suspected the identity of Hardin and Roy Loyless. The record is entirely free from anything which would lead us to conclude that from the time Hardin left Pecos in the spring of 1923, appellant or his counsel knew or were able to find anything of the whereabouts of Hardin, until it was disclosed on appellant's trial by the testimony of Richard Roddy that Hardin was living in Douglas, Ariz. Believing from the record that appellant used all reasonable diligence to put him in possession of facts which would justify the rejection of the testimony of Hardin, and that it was disclosed without contradiction, upon the hearing of the motion for new trial, that Hardin was an unpardoned convict, and the only eyewitness who gave testimony against appellant, we think the motion for new trial should have been granted.

For the error above mentioned, the judgment is reversed, and the cause remanded.